IRENE COPLEY ALBRIGHT, Beneficiary, and ROBERT C. ALBRIGHT, Remainderman, under Agreements Dated May 14, 1924, and November 29, 1926, between ALEXANDER COPLEY and JEFFERSON COUNTY NATIONAL BANK, Appellants, v. JEFFERSON COUNTY NATIONAL BANK, Respondent. — Judgment reversed on the law and facts, without costs, and the matter remitted to the Special Term to determine the rate of interest to be applied not to exceed four and one-half per cent, make computations and to enter a judgment in accordance with the memorandum.

Certain findings of fact disapproved and reversed and new findings of fact made. Memorandum: The relation between the corporate trustee and the Securities Corporation was such that, in our opinion, the beneficiary is entitled to have the transactions in question set aside and a surcharge made. (Restatement of the Law of Trusts, § 170, p. 436; *Munson* v. *S., G. & C. R. R. Co.*, 103 N. Y. 58, 73; *Wendt* v. *Fischer*, 243 id. 439, 443; *Estate of Shanley* v. *Fidelity Union Trust Co.*, 108 N. J. Eq. 564, 565; *Baxter* v. *Union Industrial Trust & Savings Bank*, 273 Mich. 642, 646, 647.) It is undisputed that the transactions complained of were conducted openly and under a claim of right and without negligence or willful wrongdoing. In view of these circumstances the trustee should not be penalized by loss of commissions or removal from office. It should be charged with the purchase price in each transaction plus interest at a rate commensurate with the average rate of earnings on trust funds during the same period. It should be credited with the amount of any recoveries of cash actually returned to the trust including any income actually received on such investments. The balance should be restored to the trust. (See *Matter of Tuttle*, 162 Misc. 286, 294.) We approve the method of computation as shown on Exhibits 55–72, except that the profit or commission taken by the Securities Corporation should not be added to the purchase price. We conclude from the evidence that it is in each transaction included in the purchase price. All concur. (The judgment dismisses the complaint except in so far as an accounting was directed by the interlocutory judgment; dismisses plaintiffs' objections to defendant's accounts; and judicially settles defendant's accounts.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.